UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICE TABBUTT,<br><br>                      Plaintiff,<br><br>vs.<br><br>SALLY BRONER AND A.J. TABBUTT, AND ALL ASSOCIATES, et al.,<br><br>                      Defendants. | Case No.: 18cv750-CAB-NLS<br><br>**1) DISMISSING CIVIL ACTION AS FRIVOLOUS AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i), (ii)**<br><br>**AND**<br><br>**2) DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND TO APPOINT COUNSEL AS MOOT [Doc. Nos. 2, 3]** |

    Brice Tabbutt ("Plaintiff") filed this civil action alleging in the civil cover sheet that there is jurisdiction because of "U.S. Government Plaintiff" and that the cause of action is "Medical and Legal Malpractice (unconstitutional)." [Doc. No. 1-1.]

    Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], together with a Motion to Appoint Counsel [Doc. No. 3].

# I. Screening pursuant to 28 U.S.C. § 1915(e)(2)(B)

## A. Standard of Review

A complaint filed by *any* person seeking to proceed IFP is subject to sua sponte dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal—even if dismissal comes before the defendants are served.").

Complaints must also comply Federal Rule of Civil Procedure 8, which requires that each pleading include a "short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). In addition to the grounds for sua sponte dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling," while noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations.").

### B. Plaintiff's Complaint

Here, Plaintiff's Complaint fails to comply with Rule 8 because it is comprised of eight pages of hand-written, incoherent, and rambling narrative (almost devoid of any punctuation) with no discernable cause of action or requested relief. There is mention of everyone from President Trump to Governor Brown to Wall Street CEO's, as well as somebody named Sally Broner. But it is unclear what the relationship is between these people or how they may be legally liable to Plaintiff. Rather, the complaint reads more like a manifesto, with phrases such as "Let's make America Greater Than Ever" and "[i]f I Brice R. Tabbutt can Honorably use my talents exempted. My prayers are to be heard A.S.A.P. to live free, liberty, and use justice to bring law's legal highest courts in the world." [Doc. No. 1 at 7.] The complaint is simply incomprehensible. In addition, Plaintiff is obviously not the "U.S. Government" and, therefore, there is no discernable basis for federal jurisdiction. *See McHenry*, 84 F.3d at 1178 (upholding Rule 8 dismissal where "the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action.")

The Court also finds that, in light of the presentation of the complaint as more of a diatribe than a request for relief, amendment of the complaint would be futile. *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 711 F.2d 1276, 1293 (9th Cir. 1983)(court does not need to allow futile amendments). "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1128, n. 8 (9th Cir. 2000).

### II. Conclusion and Order

Good cause appearing, the Court:

1) **DISMISSES** this civil action, *Tabbutt v. Broner, et al.*, S.D. Cal. Civil Case No. 3:18cv750-CAB-NLS as frivolous and for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii);

2) **DENIES** Plaintiff's Motions to Proceed IFP and to Appoint Counsel as moot

[Doc. Nos. 2, 3];

3) **CERTIFIES** that an IFP appeal of this Order of dismissal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). S*ee Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal in this matter and to close the file.

Dated: April 20, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge